UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Farrand Page,

    Plaintiff,

v.                                              Case No. 17-10439

DTE Energy,                         Honorable Sean F. Cox

    Defendant.

_____/

## **OPINION & ORDER**

Acting *pro se*, Plaintiff Farrand Page filed this action against Defendant DTE Energy, asserting that this Court has federal-question jurisdiction over this matter. (*See* Docket Entry No. 1 at Pg ID 26).[1] Following the close of discovery, Defendant filed a Motion to Dismiss, which Plaintiff responded to. The Court finds that oral argument would not aid the decisional process. *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan. The Court therefore orders that the motion will be decided upon the briefs. For all of the reasons set forth below, the Court shall DISMISS this action.

## **BACKGROUND**

Acting *pro se*, Plaintiff Farrand Page filed this action against Defendant DTE Energy on February 10, 2017. Plaintiff's complaint contains the phrases "race discrimination," "age discrimination," and "1983 violation." (Docket Entry No. 1 at Pg ID 3). But the factual allegations of the complaint all pertain to billing and service disputes that Plaintiff has had with DTE and there are no factual allegations relating to race or age discrimination.

---

[1] Plaintiff's complaint further reflects that diversity jurisdiction *does not* exist. (*Id.*).

Pursuant to this Court's March 20, 2017 Scheduling Order, the parties were required to file witness lists on July 20, 2017. (D.E. No. 5). Defendant filed a timely witness list on July 18, 2017. Plaintiff has not filed a witness list and discovery has now closed.

On September 5, 2017, Defendant filed a Motion to Dismiss, asserting that Plaintiff's complaint fails to state a claim against it and that Plaintiff's claim regarding disputes and service issues he has had with DTE is barred by the doctrine of collateral estoppel or res judicata.

Plaintiff filed a response to that motion on October 16, 2017. Plaintiff's response does not address the doctrine of collateral estoppel or respond to any of Defendant's legal arguments. Rather, the response states that Plaintiff has been attempting to hire an attorney to represent him in this matter but has been unable to do so, and that various attorneys he has contacted have stated that they would not represent Plaintiff due to his age. (Docket Entry No. 21).

## ANALYSIS

**I.  Plaintiff's Complaint Does Not State A Federal Claim Against Defendant.**

Plaintiff's Complaint uses the phrases "race discrimination," "age discrimination," and references Section "1983 violation." (Docket Entry No. 1 at Pg ID 3).

Defendant's Motion to Dismiss notes that Plaintiff's complaint, however, fails to include any factual allegations that would indicate that he has suffered race or age discrimination by Defendant. (Def.'s Br. at 6).

Although the Court is mindful that *pro se* complaints must be liberally construed, the Court agrees that even when so construed, Plaintiff's complaint fails to state either a race discrimination or age discrimination claim against DTE. And the complaint does not contain any allegations as to how Defendant could be considered a "state actor" for purposing of maintaining a § 1983 claim against Defendant. Thus, Plaintiff's complaint fails to state a federal claim

against DTE and this Court lacks jurisdiction over this action.

## II. It Also Appears That Plaintiff's Actual Claim, A State-Law Claim Concerning Billing Disputes With Defendant, Is Barred By The Doctrine Of Collateral Estoppel.

A review of Plaintiff's complaint reveals that Plaintiff's actual claim alleged is a state-law claim concerning billing disputes with Defendant concerning a two-family residential property that Plaintiff and his wife own on Hubbell Street in Detroit, Michigan.

Defendant's pending Motion to Dismiss asserts that claim is barred by the doctrine of collateral estoppel, as Plaintiff has raised these same disputes in two different actions before the Michigan Public Service Commission. Defendant attached copies of decisions in those proceedings and notes that Plaintiff's claims were found to be without merit. The decisions reflect that Plaintiff withdrew one of the complaints and that the other was decided on the merits, addressing "a myriad of complaints regarding the provision of electric and gas service to his residence." Although the decision stated that Plaintiff could appeal (*see* Docket Entry No. 19 at Pg ID 135), Defendant notes that Plaintiff did not appeal.

As such, it appears that the state-law claim that Plaintiff seeks to bring against Defendant is barred by the doctrine of collateral estoppel or res judicata.[2]

## CONCLUSION & ORDER

For all of these reasons, Defendant's Motion to Dismiss is **GRANTED** and this action is **DISMISSED.**

---

[2] Defendant's Motion to Dismiss also stresses that, in violation of this Court's Scheduling Order, Plaintiff did not file a witness list and discovery is now closed. Rule 41(b) of the Federal Rules of Civil Procedure provides that an action may be dismissed "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). Accordingly, dismissal of Plaintiff's complaint would also be warranted for failure to prosecute and/or comply with this Court's scheduling order.

**IT IS SO ORDERED**.

Dated:  October 31, 2017  s/Sean F. Cox
Sean F. Cox
U. S. District Judge


I hereby certify that on October 31, 2017, the foregoing document was served on counsel of record via electronic means and upon Farrand Page via First Class mail at the address below:

Farrand Page
17168 Hubbell St.
Detroit, MI 48235

s/J. McCoy
Case Manager